## HERRMANN v. CHASE.

(Supreme Court, Appellate Term, First Department. March 7, 1913.)

1. LANDLORD AND TENANT (§ 202*)—LIABILITY FOR RENT—HOLDING OVER.

Under a lease making rent payable in advance on the 1st day of each month, a tenant who did not vacate until April 6th had no defense to a claim for the rent due on April 1st.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 802–806; Dec. Dig. § 202.*]

2. LANDLORD AND TENANT (§ 171*)—EVICTION.

A tenant cannot claim that there was a constructive eviction while he continues to remain on the premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 691–694, 709; Dec. Dig. § 171.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Arnold Herrmann, as executor of the estate of Uriah Herrmann, deceased, against William Francis Chase. From a judgment of the Municipal Court of the City of New York in favor of defendant, plaintiff appeals. Reversed; and new trial ordered.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Thomas F. Kane, of New York City, for appellant.

Armstrong & Brown, of New York City (William F. Purdy, of New York City, of counsel), for respondent.

SEABURY, J. This is an action to recover rent alleged to be due under a written lease wherein plaintiff leased an apartment in the premises No. 446 Central Park West, New York City, to the defendant from October 1, 1911, until September 30, 1912, and wherein defend-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ant agreed to pay $75 per month as rent and the telephone charges. In the present action the plaintiff seeks to recover the rent due for the months of April, May, and June, 1912, and $1.40 telephone charges. The defendant urges that he was constructively evicted from the premises, and that the lease was entered into as a result of misrepresentations made by the plaintiff. The defendant entered into possession of the premises on May 2, 1911, and continued to occupy the same until April 6, 1912.

[1] Under the terms of the lease, the rent was payable in advance on the 1st day of each month. As the defendant did not vacate the premises until April 6, 1912, there is no defense to the claim for the rent due on April 1, 1912.

[2] The defendant cannot claim that there was a constructive eviction while he continued to remain in the premises. 'The evidence was entirely insufficient to show that the lease was made as a result of misrepresentations on the part of the plaintiff.

It follows that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.